# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

|  |  |
|---|---|
| MAKE LIBERTY WIN, a federal political action committee; MAKE LIBERTY WIN - FEDERAL COMMITTEE, a state continuing Committee; and GREAT AMERICA PAC, a federal political action committee,<br><br>*Plaintiffs*,<br><br>v.<br><br>ELIZABETH L. ZIEGLER, in her official capacity as Executive Director of the Missouri Ethics Commission; CHERYL D.S. WALKER, in her official capacity as Chair of the Missouri Ethics Commission; SHERMAN "BILL" W. BIRKES, JR., in his official capacity as Vice-Chair of the Missouri Ethics Commission; Defendant WAYNE HENKE, in his official capacity as a Commissioner of the Missouri Ethics Commission; Defendant ROBERT COOK, his official capacity as a Commissioner of the Missouri Ethics Commission; and HELENE J. FRISCHER, in her official capacity as a Commissioner of the Missouri Ethics Commission.<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT

## INTRODUCTION

The First and Fourteenth Amendments prohibit states from imposing waiting periods or other temporal restrictions on constitutionally protected political expression and association. The Missouri state constitution, Missouri code, and recently promulgated administrative regulations require political committees to register with the Missouri Ethics Commission at least 60 days before an election in which they wish to participate. A political committee formed within 60 days

1

of a Missouri state election is prohibited from either receiving contributions or making expenditures in connection with that election. *See* MO. CONST. art. VIII, § 23, cl. 7(6)(c) (requiring continuing committees to register with the Missouri Ethics Commission no later than 60 days before a state primary or general election); Mo. Rev. Stat. § 130.011(10) (same); MO. CONST. art. VIII, § 23, cl. 7(20) (same for state political action committees); 1 CSR 50-5.020(4)(A)-(B) (same for committees domiciled in other states and other out-of-state committees). Collectively, these provisions are referred to as the "Challenged Deadlines."

The U.S. Supreme Court has recognized that election-related expenditures constitute pure speech and are subject to maximal First Amendment protection. *See Buckley v. Valeo*, 424 U.S. 1, 19-20 (1976) (per curiam). The challenged provisions of Missouri law make it unconstitutional for people to decide, within two months of a state primary or general election, to join together to pay for political flyers; mailers; newspaper, radio, or television advertisements; or other forms of expression to express their political beliefs, support or oppose particular candidates, and attempt to persuade voters.

In *Missourians v. Klahr*, 892 F.3d 944 (8th Cir. 2018), the U.S. Court of Appeals for the Eighth Circuit invalidated a materially indistinguishable deadline. The provisions in *Klahr* required "campaign committees" formed solely to support or oppose a ballot initiative or public referendum to register at least 30 days before the election. Mo. Rev. Code § 130.011(8); *accord* MO. CONST. art. VIII, § 23, cl. 6(a). They prohibited campaign committees that failed to register by the deadline from making contributions or expenditures in connection with that election. *Id*. The Eighth Circuit held that these deadlines violated the First and Fourteenth Amendments because they "indiscriminately prohibit[] (or substantially burden[]) speech by individuals or groups who did not form a campaign committee by the 30-day deadline." *Klahr*, 892 F.3d at 952.

Other courts have similarly struck down other comparable deadlines and waiting periods for political expression and other activities. *Watchtower Bible & Tract Soc'y of N.Y., Inc. v. Vill. of Stratton*, 536 U.S. 150, 167 (2002) (invalidating ordinance that required people to wait until a license was issued before they engaged in door-to-door solicitations, including for political or religious reasons); *Catholic Leadership Coal. v. Reisman*, 764 F.3d 409 (5th Cir. 2014) (prohibiting a new political committee from raising or spending more than a total of $500 within 60 days of its creation); *Family PAC v. McKenna*, 685 F.3d 800, 811-14 (9th Cir. 2012) (invalidating prohibition on contributions exceeding $5,000 to ballot measure committees made within 21 days of an election). This Court should likewise invalidate Missouri's remaining statutory waiting periods on political expression which burden the plaintiffs' political activities.

Plaintiff MAKE LIBERTY WIN is a federal political committee that, on June 30, 2020, formed a state political committee, MAKE LIBERTY WIN – FEDERAL COMMITTEE,[1] to be able to legally make independent expenditures in support of candidates running in the August 4, 2020 Missouri primary elections for the Missouri state House of Representatives and Senate. Because MAKE LIBERTY WIN – FEDERAL COMMITTEE was formed less than 60 days before the primary, the Missouri Constitution, state law, and state code of administrative regulations prohibit it from raising any funds or making any expenditures in connection with that election. Such a blatant categorical prohibition on political expression is constitutionally intolerable.

Plaintiff GREAT AMERICA PAC is a federal political committee that, in mid-July 2020, decided that it also wished to make independent expenditures in support of candidates running in the August 4, 2020 Missouri primary elections for the Missouri House and Senate. Because the 60-day deadline had already passed, however, it is unable to legally do so. GREAT AMERICA

---

[1] The name of the state committee was intended to emphasize the fact that it was connected with, and an activity of, the federal committee.

PAC therefore has been unconstitutionally chilled from creating a Missouri state political committee to make constitutionally protected independent expenditures in the upcoming elections. The Constitution does not permit the State of Missouri to impose such waiting periods and deadlines for political speech and association.

## JURISDICTION AND VENUE

1.      This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it presents federal questions arising under the U.S. Constitution.

2.      The Western District of Missouri is the proper venue for this lawsuit pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendant ELIZABETH L. ZIEGLER resides and works in this district, and a substantial part of the events giving rise to this claim occurred here.

## PARTIES

3.      Plaintiff MAKE LIBERTY WIN is an unauthorized, non-connected hybrid federal political action committee registered with the FEC (FEC ID #C00731133).  Its primary place of business is in Alexandria, Virginia.  Its Treasurer is Dan Backer, a Virginia resident.  Over the past year, it has raised over $1.3 million.

4.      Plaintiff MAKE LIBERTY WIN – FEDERAL COMMITTEE is a Missouri state continuing committee and political action committee established by MAKE LIBERTY WIN to comply with Missouri law.  Its primary place of business is in Jefferson City, Missouri.  Its Treasurer is Stephanie Bell, a Missouri resident.

5.      Plaintiff GREAT AMERICA PAC is an unauthorized, non-connected hybrid federal political action committee registered with the FEC (FEC ID #C00608489).  Its primary place of business is in Alexandria, Virginia.  Its Treasurer is Dan Backer, a Virginia resident.  Over the past year, it has raised over $5 million.

4

6.      Defendant ELIZABETH L. ZIEGLER is sued in her official capacity as the Executive Director of the Missouri Ethics Commission ("Commission").  Her primary place of business and headquarters of operations as the Executive Director is in Jefferson City, Missouri.

7.      Defendant CHERYL D.S. WALKER is sued in her official capacity as the Chair of the Commission.  Her primary place of business and headquarters of operations as a Commissioner is in Jefferson City, Missouri.

8.      Defendant SHERMAN "BILL" W.  BIRKES, JR. is sued in his official capacity as Vice-Chair of the Commission.  His primary place of business and headquarters of operations as a Commissioner is in Jefferson City, Missouri.

9.      Defendant WAYNE HENKE is sued in his official capacity as a Commissioner of the Commission.  His primary place of business and headquarters of operations as a Commissioner is in Jefferson City, Missouri.

10.     Defendant ROBERT COOK is sued in his official capacity as a Commissioner of the Commission.  His primary place of business and headquarters of operations as a Commissioner is in Jefferson City, Missouri.  *See* Mo. Rev. Stat. § 27.010.

11.     Defendant HELENE J. FRISCHER is sued in her official capacity as a Commissioner of the Commission.  Her primary place of business and headquarters of operations as a Commissioner is in Jefferson City, Missouri.

## BACKGROUND LEGAL PROVISIONS

12. Missouri's campaign finance system arises from a combination of constitutional, statutory, and regulatory provisions.

### *Background Definitions*

13. The term "election" includes any primary or general election for public office. A primary election and the succeeding general election shall be considered separate elections. MO. CONST. art. VIII, § 23, cl. 7(7); *accord* Mo. Rev. Stat. § 130.011(15).

14. A "contribution" includes, in relevant part, a payment, gift, or donation of money or anything of value "for the purpose of supporting or opposing the nomination or election of any candidate for public office." MO. CONST. art. VIII, § 23, cl. 7(7); *accord* Mo. Rev. Stat. § 130.011(12).

15. An "expenditure" includes, in relevant part, a payment of money or anything of value "for the purpose of supporting or opposing the nomination or election of any candidate for public office . . . or for the support of any committee which in turn supports or opposes any candidate." It includes, but is not limited to, the "purchase of goods, services, property, facilities or anything of value" in connection with a Missouri election. MO. CONST. art. VIII, § 23, cl. 7(12); *accord* Mo. Rev. Stat. § 130.011(16).

16. The term "person" includes, in relevant part, any individual, group, or committee. MO. CONST. art. VIII, § 23, cl. 7(19); *accord* Mo. Rev. Stat. § 130.011(22).

17. A "committee," in relevant part, is a person or group of people who "accepts contributions or makes expenditures" for the "primary or incidental purpose of influencing" voters concerning a Missouri candidate's nomination or election. MO. CONST. art. VIII, § 23, cl. 7(4); *accord* Mo. Rev. Stat. § 130.011(9).

6

18.     One type of committee is a "continuing committee" (also sometimes referred to as a "committee of continuing existence").   A "continuing committee" is a committee which:

a.      is not formed, controlled, or directed by a candidate;

b.      is neither a "candidate committee" nor "campaign committee" (which deal with ballot questions and public initiatives); and

c.      has the primary or incidental purpose of receiving contributions or making expenditures to influence or attempt to influence the action of voters in elections, regardless of whether the identity of the candidates who will be running in an election have been determined. Mo. Const. art. VIII, § 23, cl. 7(6)(c); *accord* Mo. Rev. Stat. § 130.011(10); 1 CSR 50-5.010(1)(D).

19.     Plaintiffs are continuing committees because one of their incidental purposes is influencing voters concerning the 2020 primary election; they are not formed, controlled, or directed by candidates; and they do not qualify as candidate or campaign committees.

20.     One type of continuing committee is a "political action committee" (or "PAC").  A political action committee is defined as a continuing committee that is not a candidate committee, political party committee, campaign committee, exploratory committee, or debt service committee. Mo. Const. art. VIII, § 23, cl. 7(20).

21.     Plaintiffs are PACs because they are continuing committees that do not qualify as candidate committees, political party committees, campaign committees, exploratory committees, or debt service committees.

***The Missouri Constitution's and Missouri Code's***
***Committee Registration Deadlines and Other Reporting Provisions***

22.     The Missouri Constitution's **Continuing Committee Deadline** specifies that a continuing committee "shall be formed no later than sixty days prior to the election for which the

7

committee receives contributions or makes expenditures." Mo. Const. art. VIII, § 23, cl. 7(6)(c). The Missouri Code reiterates this deadline. Mo. Rev. Stat. § 130.011(10). Plaintiffs challenge the constitutionality of the Continuing Committee Deadline.

23. The Missouri Constitution's **PAC Deadline** specifies that a PAC "shall be formed no later than sixty days prior to the election for which the committee receives contributions or makes expenditures." Mo. Const. art. VIII, § 23, cl. 7(20). Plaintiffs challenge the constitutionality of the PAC Deadline.

24. The Missouri Constitution further provides that neither state candidates nor state political committees may accept contributions from an out-of-state committee unless that out-of-state committee has filed a statement of organization or alternative reports. Mo. Const. art. VIII, § 23, cl. 3(11); *accord* Mo. Rev. Stat. § 130.031(7). The plaintiffs in this case are legally ineligible to file alternative reports in lieu of statements of organization.

25. In addition, the Missouri Constitution provides that:

a. a Missouri state candidate may not accept contributions from a federal PAC unless the federal PAC files "the same financial disclosure reports that would be required of a Missouri political action committee," Mo. Const. art. III, § 2(f); and

b. a Missouri state PAC may receive contributions from federal PACs, but not other state PACs. *id*. art. VIII, § 23, cl. 3(12).

### *The Missouri Constitution's and State Code's Enforcement Provisions*

26. Any person who makes or accepts a contribution in violation of Mo. Const. art. VIII, § 23's restrictions, or violates Mo. Const. art. VIII, § 23's reporting requirements are subject to civil penalties of between two and five times the amount of any contributions involved. *Id*. art. VIII, § 23, cl. 5.

8

27.     The statute of limitations for any violation of Mo. Const. art. VIII, § 23 is three years. *Id*. art. VIII, § 23, cl. 6(2).

28.     Any person who purposely violates Mo. Const. art. VIII, § 23, cl. 3 is guilty of a class A misdemeanor. *See* Mo. Const. art. VIII, § 23, cl. 6(1).

29.     State law further provides that any person who makes contributions or expenditures in violation of chapter 130 of the code "shall be held liable" for civil penalties equaling the amount of that contribution or expenditure. Mo. Rev. Stat. § 130.072. The Commission may also impose fees of up to $1,000 or double the amount involved in the violation. *Id*. § 105.961.4(6).

### *The Missouri Code of State Regulations' Committee Registration Deadlines*

30.     State regulations recognize additional types of political committees, including:

a.     "Federal political action committee" (hereafter, "Federal PAC") is defined as a political committee registered under 52 U.S.C. § 30104(4) of the Federal Election Campaign Act ("FECA")—which means it is organized primarily to influence federal elections—that not authorized by a candidate or political party. 1 CSR 50-5.010(1)(B).

b.     "Committee domiciled outside of this state" (*i.e.*, a Non-Domiciliary Committee") is defined as a Federal PAC or political committee registered in another state. 1 CSR 50-5.010(1)(A).

c.     "Out-of-state committee" is defined as a Federal PAC or political committee registered in another state (*i.e.*, a "committee domiciled out of this state) which makes contributions or expenditures to support or oppose candidates in Missouri. 1 CSR 50-5.010(1)(F).

31.     Plaintiffs qualify as Federal PACs, committees domiciled outside of this state, and out-of-state committees under these definitions.

32.     The Missouri Code of State Regulations' **Registration Requirement** states that Non-Domiciliary Committees and out-of-state committees must register as Missouri continuing committees/PACs when their aggregate contributions or expenditures reach $1,500.  1 CSR 50-5.020(2).

33.     Any committee subject to the Regulation Requirement must appoint a treasurer who is a Missouri resident and establish a depository account in Missouri.  1 CSR 50-5.020(4)(A)-(B).

34.     The Missouri Code of State Regulations' **Non-Domiciliary/Out-of-State Committee Registration Deadline** requires any committee subject to the Regulation Requirement to file a statement of organization identifying itself as a Missouri continuing committee/PAC "no later than sixty (60) days prior to the election for which the committee receives contributions or make[s] expenditures *and* prior to making a contribution or expenditure in the State of Missouri." 1 CSR 50-5.020(4)(A)-(B).

35.     The administrative code goes on to expressly emphasize that Federal PACs that also qualify as Missouri continuing committee/PACs are subject to these requirements.  1 CSR 50-5.020(6).

36.     All committees required to register under these regulations are also subject to reporting and recordkeeping requirements under state law.  1 CSR 50-5.020(7).

37.     These regulations entered into effect on August 18, 2018.  *See* Mo. Ethics Comm'n, *New Regulations Concerning Out-of-State Committees and Federal PACs* (June 21, 2018), https://www.mec.mo.gov/WebDocs/Other/New%20Regulations%20OOS%20Committees%20Federal%20PACS.pdf.   The regulations entered into effect *after* the Eight Circuit's ruling in *Missourians v. Klahr*, 892 F.3d 944 (8th Cir. 2018), demonstrating that the Commission intends to enforce them despite *Klahr*.

10

## THE EIGHTH CIRCUIT STRUCK DOWN THE CLOSELY RELATED
## REGISTRATION DEADLINE FOR CAMPAIGN COMMITTEES

38.     In *Missourians for Fiscal Accountability v. Klahr*, 892 F.3d 944 (8th Cir. 2018), the U.S. Court of Appeals for the Eighth Circuit struck down a substantive similar, closely related registration deadline for "campaign committees" rather than continuing committees or PACs.

39.     A "campaign committee" is a committee that:

      a.     Is not a candidate committee;

      b.     Receives contributions or makes expenditures; and

      c.     Has the sole purpose of supporting or opposing qualification and passage of one or more ballot measures or the retention of judges.  MO. CONST. art. VIII, § 23, cl. 7(6)(a); *accord* Mo. Rev. Stat. § 130.011(3).

40.     Campaign committees are similar to continuing committees and PACs, except they are formed exclusively to engage in public advocacy concerning ballots questions and initiatives, whereas the latter are formed to make contributions and engage in public advocacy concerning the election of candidates for state and local office, as well.

41.     The Missouri Constitution and Missouri Code created a **Campaign Committee Registration Deadline** providing that a campaign committee "shall be formed not later than thirty days prior to the election or which the committee receives contributions or makes expenditures." MO. CONST. art. VIII, § 23, cl. 7(6)(a); *accord* Mo. Rev. Stat. § 130.011(3).  A campaign committee that did not register more than 30 days before a state election was prohibited from receiving contributions or making expenditures in connection with that election.  *Id.*

42.     The U.S. Court of Appeals for the Eighth Circuit held that the Campaign Committee Registration Deadline was unconstitutional.

11

43.　　In *Klahr*, a campaign committee registered with the Commission 13 days before the November 2014 general election. *Klahr*, 892 F.3d at 948.　It wished to receive contributions and make expenditures in connection with a proposition on the ballot. *Id*.

44.　　The district court entered a temporary restraining order prohibiting the Commission from enforcing the deadline against the campaign committee. *See Missourians for Fiscal Accountability v. Klahr*, No. 14-4287-CV-C-ODS, 2014 U.S. Dist. LEXIS 155163 (W.D. Mo. Nov. 2, 2014).　The district court later went on to hold that the deadline and waiting period were an unconstitutional "blackout period" that could not survive strict scrutiny. *Missourians for Fiscal Accountability v. Klahr*, No. 14-1487-CV-ODS, 2017 U.S. Dist. LEXIS 1748, at *8-9 (W.D. Mo. Jan. 5, 2017), *aff'd*, 892 F.3d 944.

45.　　The Eighth Circuit recognized that the Campaign Committee Registration Deadline "prohibits those who do not form a campaign committee 30 days before the election from speaking." *Klahr*, 892 F.3d at 949.　It rejected the Commission's argument that the deadline was merely a "disclosure law' subject to intermediate scrutiny, since it "prohibits speech even if the individual or group or willing to register, report information, keep necessary records, and take organizational steps." *Id*. at 950.

46.　　The Eight Circuit further held that a Commission determination that a committee has violated the Campaign Committee Registration Deadline "could damage a campaign committee's speech and denigrate its officers and members." *Id*. at 951.

47.　　The court declared, "The formation deadline indiscriminately prohibits (or significantly burdens) speech by individuals or groups who did not form a campaign committee by the 30-day deadline." *Id*. at 952.　The burden was especially substantial since many people and groups might not realize that they wished to engage in political expression until an election is

imminent. *Id.* It concluded, "Due to its burden on speech and its modest effect on preventing circumvention of the disclosure regime, the formation deadline is not narrowly tailored." *Id* at 953.

48. The Campaign Committee Deadline that the Eighth Circuit invalidated in *Klahr* is materially indistinguishable from the deadlines at issue in this case: the Continuing Committee Deadline, Mo. Const. art. VIII, § 23, cl. 7(6)(c); Mo. Rev. Stat. § 130.011(10); PAC Deadline, Mo. Const. art. VIII, § 23, cl. 7(20); and Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B).

49. The deadlines challenged in this case, like the Campaign Committee Deadline, are not mere disclosure requirements. Rather, like the Campaign Committee Deadline, they establish an even lengthier "blackout period" for committees that do not register at least 60 days before the deadline; carry the potential of fines and public reprobation for violators; and prohibit or substantially burden political association and speech.

### MAKE LIBERTY WIN & MAKE LIBERTY WIN – FEDERAL COMMITTEE

50. Plaintiff MAKE LIBERTY WIN is a federal political action committee. It is prohibited from directly spending more than $1,500 of its own funds in connection with Missouri state elections. *See* Mo. Admin. Code § 50-5.020(2). Rather, to be able to afford nearly any expenditure, MAKE LIBERTY WIN was required to form a Missouri continuing committee / PAC. *Id.*

51. In late June 2020, MAKE LIBERTY WIN decided it wished to express its political views by making expenditures in connection with several primary elections for the Missouri House of Representatives and Senate this year.

52. Primary elections for the Missouri House and Senate are scheduled for August 4, 2020.

13

53.     On June 30, 2020, MAKE LIBERTY WIN filed a Statement of Organization with the Commission establishing Plaintiff MAKE LIBERTY WIN – FEDERAL COMMITTEE, a Missouri state continuing committee that also qualifies as a Missouri state PAC.  As required by state law, MAKE LIBERTY WIN – FEDERAL COMMITTEE establishes a depository account in a Missouri bank and has a Missouri resident, Stephanie Bell, as its Treasurer.

54.     A true and complete copy of the Statement of Organization for MAKE LIBERTY WIN – FEDERAL COMMITTEE is appended to this Verified Complaint as Exhibit 1.

55.     Because MAKE LIBERTY WIN – FEDERAL COMMITTEE was formed less than 60 days before the August 4 primary elections, the Continuing Committee Deadline, MO. CONST. art. VIII, § 23, cl. 7(6)(c); Mo. Rev. Stat. § 130.011(10); PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20); and Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B), all prohibit it from raising or spending money in connection with those elections.

56.     MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL COMMITTEE were aware of Missouri's substantial legal impediments to their constitutionally protected political expression and association.  The threat of financial sanctions from the Commission, administrative proceedings before the Commission, and the resulting public sanction and approbation chilled MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL COMMITTEE and caused them to delay for several days before proceeding with their political activities in Missouri.

57.     It was not until several days later that MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL COMMITTEE came to recognize the strength of their constitutional objections to this unconstitutional scheme.  Throughout that time, their political expression was unconstitutionally chilled.

58.     On July 6, 2020, canvassers for MAKE LIBERTY WIN – FEDERAL COMMITTEE began going door-to-door in various neighborhoods throughout Missouri to speak with voters about candidates running in the Primary and distribute the committee's literature.

59.     On July 9, 2020, MAKE LIBERTY WIN transferred $275,000 to MAKE LIBERTY WIN – FEDERAL COMMITTEE to subsidize the cost of the committee's canvassing efforts through the election.

60.     MAKE LIBERTY WIN – FEDERAL COMMITTEE made an expenditure of $274,955.15 to PAC Management Services to pay for the committee's extensive door-to-door canvassing throughout key legislative districts in the state and the production of literature in support of the following candidates:  Chris Sandler (33rd House District); Bishop Davidson (130th House District); Will Perry (148th House District); Bryant Wolfin (116th House District); Michael Davis (56th House District); Ryan Jones (115th House District); Chris Beyer (62nd House District); Tina Goodrick (9th House District); Mike Moon (29th Senate District); Brian Seitz (156th House District); and Janet Holden (143rd House District).

61.     MAKE LIBERTY WIN – FEDERAL PAC has already filed disclosure reports with the Commission, and will continue to do so over the upcoming days and weeks as required by Missouri law.

62.     On July 15, 2020, MAKE LIBERTY WIN – FEDERAL PAC filed a full disclosure report concerning the contributions it received and expenditures it made as of that date.

63.     On or before July 27, 2020, MAKE LIBERTY WIN – FEDERAL PAC will file an "8 Day Before Report" disclosing all of its activity between July 1 and July 23, pursuant to Mo. Rev. Stat. § 130.046(1)(1).

15

64. If MAKE LIBERTY WIN – FEDERAL PAC receives a contribution exceeding $250 between July 24 and August 3, 2020, it will file a "Late Contribution Report" with the Commission.

65. If MAKE LIBERTY WIN – FEDERAL PAC makes expenditures totaling more than $250 between July 24, 2020 and August 3, 2020, it will file a Late Expenditure Report with the Commission within 24 hours, pursuant to Mo. Rev. Stat. § 130.046(3)(2).

66. Finally, on or before September 3, 2020, it will file a "30 Day After Report" disclosing all activity between the date of its last full disclosure report and August 29, 2020.

67. MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL COMMITTEE face—and until the expiration of the statute of limitations will continue to face—the threat of financial sanctions from the Commission, administrative proceedings before the Commission, and the resulting public sanction and approbation. Thus, neither the occurrence of the 2020 primary or general election will moot their claims.

68. Following either the 2020 general election or, depending on its results, the 2020 primary elections, MAKE LIBERTY WIN – FEDERAL COMMITTEE will discontinue operations in Missouri, close its Missouri account, and file the necessary paperwork with the Commission to dissolve itself, in order to avoid the costly and burdensome reporting requirements that continued existence would entail.

69. A reasonable likelihood exists that MAKE LIBERTY WIN may decide within 60 days of a future Missouri primary or general election, however, that it wishes to accept contributions and make expenditures in support of that election. Alternatively, MAKE LIBERTY WIN – FEDERAL COMMITTEE may decide within 60 days of a future Missouri primary or general election that it wishes to re-organize and be re-established as a state continuing committee

16

and state PAC to be able to accept contributions and make expenditures in support of that election. Thus, should this case become moot while it is pending, the constitutional violations suffered by MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL PAC are capable of repetition, yet evading review—both for those plaintiffs and other similarly situated entities.

## GREAT AMERICA PAC

70.     Plaintiff GREAT AMERICA PAC is a federal political action committee.  It is prohibited from directly spending more than $1,500 of its own funds in connection with Missouri state elections.  *See* Mo. Admin. Code § 50-5.020(2).  Rather, to be able to afford nearly any expenditure, it is required to form a Missouri continuing committee / PAC.  *Id*.

71.      In mid-July 2020, less than 60 days before the 2020 primary elections for the Missouri House of Representatives and Senate, GREAT AMERICA PAC decided it wished to express its political views by making expenditures in excess of $1,500 in connection with several Missouri House and Senate primary elections for the Missouri House and Senate this year.

72.     GREAT AMERICA PAC has been unconstitutionally chilled from forming a state continuing committee or state PAC, or from otherwise making expenditures in excess of $1,500 in connection with the 2020 primary elections for the Missouri House and Senate by the Continuing Committee Deadline, MO. CONST. art. VIII, § 23, cl. 7(6)(c); Mo. Rev. Stat. § 130.011(10); PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20); and Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B).

73.     In order to avoid the substantial possibility of financial sanctions from the Commission, administrative proceedings before the Commission, and the resulting public sanction and approbation from violating those deadlines, GREAT AMERICA PAC has refrained from

17

directly or indirectly making its intended independent expenditures in connection with the 2020 primary elections for the Missouri House and Senate.

74. GREAT AMERICA PAC is completely prohibited from spending more than $1,500—either itself or through a state political committee—to engage in pure speech to express its views concerning, persuade voters with regard to, or support candidates in the August 4, 2020 primary elections.

75. GREAT AMERICA PAC wishes to make—and, but for the Challenged Deadlines, would have already made—expenditures exceeding $1,500 in connection with races for candidates supporting its conservative values, including Chris Sandler (33rd House District); Bishop Davidson (130th House District); Will Perry (148th House District); Bryant Wolfin (116th House District); Michael Davis (56th House District); Ryan Jones (115th House District); Chris Beyer (62nd House District); Tina Goodrick (9th House District); Mike Moon (29th Senate District); Brian Seitz (156th House District); and Janet Holden (143rd House District).

76. A reasonable likelihood exists that GREAT AMERICA PAC may decide within 60 days of a future Missouri primary or general election, however, that it wishes to accept contributions and make expenditures in support of that election. Thus, should this case become moot while it is pending, the constitutional violations suffered by GREAT AMERICA PAC are capable of repetition, yet evading review—both for those plaintiffs and other similarly situated entities.

## GENERAL 42 U.S.C. § 1983 ALLEGATIONS

77. At all relevant times, Defendants are, and have been, acting under color of Missouri law—specifically, the Missouri Constitution, Missouri Revised Statutes, and Missouri Administrative Regulations.

78.     Plaintiffs are persons within the jurisdiction of the United States.

79.     The First Amendment is incorporated and enforceable against the states and state officials through the Due Process Clause of the Fourteenth Amendment.

## CAUSES OF ACTION

### COUNT I
**First and Fourteenth Amendment Facial Challenge Under 42 U.S.C. § 1983
to the Continuing Committee Deadline,
Mo. Const. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10)
By All Plaintiffs Against All Defendants**

80.     Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

81.     The Continuing Committee Deadline, Mo. Const. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10), is facially unconstitutional.  It either has no valid applications, or is unconstitutional across a broad swath of applications.  42 U.S.C. § 1983 prohibits Defendants from enforcing the deadline against Plaintiffs or any other people or entities.

82.     Defendants are legally responsible for enforcing the Continued Committee Deadline, Mo. Const. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10).

83.     Plaintiff MAKE LIBERTY WIN formed MAKE LIBERTY WIN – FEDERAL COMMITTEE and registered it as a Missouri continuing committee to accept contributions and make expenditures in connection with the August 2020 primary elections for the Missouri House and Senate less than 60 days before those elections.

84.     The substantial likelihood of Defendants enforcing the Continued Committee Deadline, Mo. Const. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10), against Plaintiffs MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL COMMITTEE

19

substantially burdens, and would burden, their First Amendment rights of political expression and association.

85.     Plaintiffs MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL COMMITTEE face the prospect of fines, the cost and expense of administrative proceedings, and public embarrassment if the Committee takes official action against it for making expenditures in connection with the Missouri House and Senate primary elections despite forming and registering with the Commission less than 60 days before those elections.

86.     The substantial threat of Defendants enforcing the Continued Committee Deadline, Mo. Const. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10), against Plaintiff GREAT AMERICA PAC has substantially burdened and chilled its exercise of its First Amendment rights of political expression and association.  Plaintiff GREAT AMERICA PAC has refrained from forming a state continuing committee through which to make independent expenditures in connection with Missouri House and Senate races, because doing so would violate these provisions.

87.      The Continued Committee Deadline, Mo. Const. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10), is an unconstitutional waiting period for engaging in constitutionally protected acts of political expression and association, including the independent expenditure of more than $1,500 by a political committee with regard to Missouri state elections.

88.     The Continued Committee Deadline, Mo. Const. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10), is an unconstitutional prior restraint on speech in that it categorically prohibits state continuing committees that form within 60 days of a state election from spending more than $1,500 on political communications regarding that election.

20

89.    The Continued Committee Deadline, MO. CONST. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10), substantially burdens Plaintiffs' First Amendment rights and chills their First Amendment activities, yet does not further important or compelling state interests, and is neither reasonably well tailored nor closely tailored toward promoting any such interests. The provision survives neither intermediate nor strict scrutiny.

WHEREFORE Plaintiffs are entitled to judgment on their claim under 42 U.S.C. § 1983 that the Continued Committee Deadline, MO. CONST. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10), facially violates the First and Fourteenth Amendment of the U.S. Constitution.

**COUNT II**
**First and Fourteenth Amendment As-Applied Challenge Under 42 U.S.C. § 1983**
**to the Continuing Committee Deadline,**
**MO. CONST. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10)**
**By All Plaintiffs Against All Defendants**

90.    Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

91.    The Continuing Committee Deadline, MO. CONST. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10), is unconstitutional as applied to federal PACs like Plaintiffs that do not decide to make expenditures, attempt to influence voters, or engage in public communications to support or oppose a candidate in, a Missouri election until less than 60 days before that election. 42 U.S.C. § 1983 prohibits Defendants from enforcing the deadline against Plaintiffs or any other similarly situated people or entities.

92.    Defendants are legally responsible for enforcing the Continued Committee Deadline, MO. CONST. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10).

93.    Plaintiff MAKE LIBERTY WIN formed MAKE LIBERTY WIN – FEDERAL COMMITTEE and registered it as a Missouri continuing committee to accept contributions and

make expenditures in connection with the August 2020 primary elections for the Missouri House and Senate less than 60 days before those elections.

94.     The substantial likelihood of Defendants enforcing the Continued Committee Deadline, Mo. Const. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10), against Plaintiffs MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL COMMITTEE substantially burdens, and would burden, their First Amendment rights of political expression and association.

95.     Plaintiffs MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL COMMITTEE face the prospect of fines, the cost and expense of administrative proceedings, and public embarrassment if the Committee takes official action against it for making expenditures in connection with the Missouri House and Senate primary elections despite forming and registering with the Commission less than 60 days before those elections.

96.     The substantial threat of Defendants enforcing the Continued Committee Deadline, Mo. Const. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10), against Plaintiff GREAT AMERICA PAC has substantially burdened and chilled its exercise of its First Amendment rights of political expression and association.  Plaintiff GREAT AMERICA PAC has refrained from forming a state continuing committee through which to make independent expenditures in connection with Missouri House and Senate races, because doing so would violate these provisions.

97.     The Continued Committee Deadline, Mo. Const. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10), is an unconstitutional waiting period for engaging in constitutionally protected acts of political expression and association, including the independent expenditure of more than $1,500 by a political committee with regard to Missouri state elections.

22

98.     The Continued Committee Deadline, MO. CONST. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10), is an unconstitutional prior restraint on speech in that it categorically prohibits state continuing committees that form within 60 days of a state election from spending more than $1,500 on political communications regarding that election.

99.     The Continued Committee Deadline, MO. CONST. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10), substantially burdens Plaintiffs' First Amendment rights and chills their First Amendment activities, yet does not further important or compelling state interests, and is neither reasonably well tailored nor closely tailored toward promoting any such interests. The deadline survives neither intermediate nor strict scrutiny.

WHEREFORE Plaintiffs are entitled to judgment on their claim under 42 U.S.C. § 1983 that the Continued Committee Deadline, MO. CONST. art. VIII, § 23, cl. 7(6)(c) and Mo. Rev. Stat. § 130.011(10), violates the First and Fourteenth Amendment of the U.S. Constitution as applied to entities that do not decide to make expenditures, attempt to influence voters, or engage in public communications to support or oppose a candidate in, a Missouri election until less than 60 days before that election.

### COUNT III
**First and Fourteenth Amendment Facial Challenge Under 42 U.S.C. § 1983
to the PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20)
By All Plaintiffs Against All Defendants**

100.     Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

101.     The PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20), facially violates the First and Fourteenth Amendments to the U.S. Constitution. It either has no valid applications, or is unconstitutional across a broad swath of applications. 42 U.S.C. § 1983 prohibits Defendants from enforcing them against Plaintiffs or any other people or entities.

23

102.     Defendants are legally responsible for enforcing the PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20).

103.     Plaintiff MAKE LIBERTY WIN formed MAKE LIBERTY WIN – FEDERAL COMMITTEE and registered it as a Missouri PAC to accept contributions and make expenditures in connection with the August 2020 primary elections for the Missouri House and Senate less than 60 days before those elections.

104.     The substantial likelihood of Defendants enforcing the PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20), against Plaintiffs MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL COMMITTEE substantially burdens, and would burden, their First Amendment rights of political expression and association.

105.     Plaintiffs MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL COMMITTEE face the prospect of fines, the cost and expense of administrative proceedings, and public embarrassment if the Committee takes official action against it for making expenditures in connection with the Missouri House and Senate primary elections despite forming and registering with the Commission less than 60 days before those elections.

106.     The substantial threat of Defendants enforcing the PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20), against Plaintiff GREAT AMERICA PAC has substantially burdened and chilled its exercise of its First Amendment rights of political expression and association.  Plaintiff GREAT AMERICA PAC has refrained from forming a state continuing committee through which to make independent expenditures in connection with Missouri House and Senate races, because doing so would violate the deadline.

107.     The PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20), establishes an unconstitutional waiting period for engaging in constitutionally protected acts of political

24

expression and association, including the independent expenditure of more than $1,500 by a political committee with regard to Missouri state elections.

108.     The PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20), is an unconstitutional prior restraint on speech because it categorically prohibits state PACs that form within 60 days of a state election from spending more than $1,500 on political communications regarding that election.

109.     The PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20), substantially burdens Plaintiffs' First Amendment rights and chill their First Amendment activities, yet does not further important or compelling state interests, and is neither reasonably well tailored nor closely tailored toward promoting any such interests.   The provision survives neither intermediate nor strict scrutiny.

WHEREFORE Plaintiffs are entitled to judgment on their claim under 42 U.S.C. § 1983 that the PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20), facially violates the First and Fourteenth Amendment of the U.S. Constitution.

**COUNT IV**
**First and Fourteenth Amendment As-Applied Challenge Under 42 U.S.C. § 1983**
**to the PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20)**
**<u>By All Plaintiffs Against All Defendants</u>**

110.     Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

111.     The PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20), is unconstitutional as applied to federal PACs like Plaintiffs that do not decide to make expenditures, attempt to influence voters, or engage in public communications to support or oppose a candidate in, a Missouri election until less than 60 days before that election.   42 U.S.C. § 1983 prohibits Defendants from enforcing them against Plaintiffs or any other similarly situated people or entities.

25

112.    Defendants are legally responsible for enforcing the PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20).

113.    Plaintiff MAKE LIBERTY WIN formed MAKE LIBERTY WIN – FEDERAL COMMITTEE and registered it as a Missouri PAC to accept contributions and make expenditures in connection with the August 2020 primary elections for the Missouri House and Senate less than 60 days before those elections.

114.    The substantial likelihood of Defendants enforcing the PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20), against Plaintiffs MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL COMMITTEE substantially burdens, and would burden, their First Amendment rights of political expression and association.

115.    Plaintiffs MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL COMMITTEE face the prospect of fines, the cost and expense of administrative proceedings, and public embarrassment if the Committee takes official action against it for making expenditures in connection with the Missouri House and Senate primary elections despite forming and registering with the Commission less than 60 days before those elections.

116.    The substantial threat of Defendants enforcing the PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20), against Plaintiff GREAT AMERICA PAC has substantially burdened and chilled its exercise of its First Amendment rights of political expression and association.  Plaintiff GREAT AMERICA PAC has refrained from forming a state continuing committee through which to make independent expenditures in connection with Missouri House and Senate races, because doing so would violate the deadline.

117.    The PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20), establishes an unconstitutional waiting period for engaging in constitutionally protected acts of political

expression and association, including the independent expenditure of more than $1,500 by a political committee with regard to Missouri state elections.

118.    The PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20), is an unconstitutional prior restraint on speech because it categorically prohibits state PACs that form within 60 days of a state election from spending more than $1,500 on political communications regarding that election.

119.    The PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20), substantially burdens Plaintiffs' First Amendment rights and chill their First Amendment activities, yet does not further important or compelling state interests, and is neither reasonably well tailored nor closely tailored toward promoting any such interests.   The provision survives neither intermediate nor strict scrutiny.

WHEREFORE Plaintiffs are entitled to judgment on their claim under 42 U.S.C. § 1983 that the PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20), violate the First and Fourteenth Amendment of the U.S. Constitution as applied to entities that do not decide to make expenditures, attempt to influence voters, or engage in public communications to support or oppose a candidate in, a Missouri election until less than 60 days before that election.

**COUNT V**
**First and Fourteenth Amendment Facial Challenge Under 42 U.S.C. § 1983**
**to the Non-Domiciliary/Out-of-State Committee Registration Deadline,**
**1 CSR 50-5.020(4)(A)-(B)**
**By All Plaintiffs Against All Defendants**

120.    Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

121.    The Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B) facially violates the First and Fourteenth Amendments to the U.S. Constitution.

27

It either has no valid applications, or is unconstitutional across a broad swath of applications. 42 U.S.C. § 1983 prohibits Defendants from enforcing them against Plaintiffs or any other people or entities.

122.   Defendants were responsible for promulgating the Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B).

123.   Defendants are legally responsible for enforcing the Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B)

124.   Plaintiff MAKE LIBERTY WIN formed MAKE LIBERTY WIN – FEDERAL COMMITTEE and registered it as a Missouri PAC to accept contributions and make expenditures in connection with the August 2020 primary elections for the Missouri House and Senate less than 60 days before those elections.

125.   The substantial likelihood of Defendants enforcing the Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B), against Plaintiffs MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL COMMITTEE substantially burdens, and would burden, their First Amendment rights of political expression and association.

126.   Plaintiffs MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL COMMITTEE face the prospect of fines, the cost and expense of administrative proceedings, and public embarrassment if the Committee takes official action against it for making expenditures in connection with the Missouri House and Senate primary elections despite forming and registering with the Commission less than 60 days before those elections.

127.   The substantial threat of Defendants enforcing the Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B), against Plaintiff GREAT AMERICA PAC has substantially burdened and chilled its exercise of its First Amendment rights

of political expression and association. Plaintiff GREAT AMERICA PAC has refrained from forming a state continuing committee through which to make independent expenditures in connection with Missouri House and Senate races, because doing so would violate these provisions.

128.     The Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B), establishes an unconstitutional waiting period for engaging in constitutionally protected acts of political expression and association, including the independent expenditure of more than $1,500 by a political committee with regard to Missouri state elections.

129.     The Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B), is an unconstitutional prior restraint on speech because it categorically prohibits state PACs that form within 60 days of a state election from spending more than $1,500 on political communications regarding that election.

130.     The Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B), substantially burdens Plaintiffs' First Amendment rights and chill their First Amendment activities, yet does not further important or compelling state interests, and is neither reasonably well tailored nor closely tailored toward promoting any such interests. The provision survives neither intermediate nor strict scrutiny.

WHEREFORE Plaintiffs are entitled to judgment on their claim under 42 U.S.C. § 1983 that the Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B), facially violates the First and Fourteenth Amendment of the U.S. Constitution.

**COUNT VI**
**First and Fourteenth Amendment As-Applied Challenge Under 42 U.S.C. § 1983**
**to the Non-Domiciliary/Out-of-State Committee Registration Deadline,**
**1 CSR 50-5.020(4)(A)-(B)**
**By All Plaintiffs Against All Defendants**

131.    Plaintiffs hereby re-allege and incorporate by reference the preceding paragraphs as if fully set forth herein.

132.    The Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B) violates the First and Fourteenth Amendments to the U.S. Constitution as applied to entities that do not decide to make expenditures, attempt to influence voters, or engage in public communications to support or oppose a candidate in, a Missouri election until less than 60 days before that election.  42 U.S.C. § 1983 prohibits Defendants from enforcing this provision against Plaintiffs or any other similarly situated people or entities.

133.    Defendants were responsible for promulgating the Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B).

134.    Defendants are legally responsible for enforcing the Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B).

135.    Plaintiff MAKE LIBERTY WIN formed MAKE LIBERTY WIN – FEDERAL COMMITTEE and registered it as a Missouri PAC to accept contributions and make expenditures in connection with the August 2020 primary elections for the Missouri House and Senate less than 60 days before those elections.

136.    The substantial likelihood of Defendants enforcing the Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B), against Plaintiffs MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL COMMITTEE substantially burdens, and would burden, their First Amendment rights of political expression and association.

30

137.    Plaintiffs MAKE LIBERTY WIN and MAKE LIBERTY WIN – FEDERAL COMMITTEE face the prospect of fines, the cost and expense of administrative proceedings, and public embarrassment if the Committee takes official action against it for making expenditures in connection with the Missouri House and Senate primary elections despite forming and registering with the Commission less than 60 days before those elections.

138.    The substantial threat of Defendants enforcing the Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B), against Plaintiff GREAT AMERICA PAC has substantially burdened and chilled its exercise of its First Amendment rights of political expression and association.  Plaintiff GREAT AMERICA PAC has refrained from forming a state continuing committee through which to make independent expenditures in connection with Missouri House and Senate races, because doing so would violate these provisions.

139.    The Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B), establishes an unconstitutional waiting period for engaging in constitutionally protected acts of political expression and association, including the independent expenditure of more than $1,500 by a political committee with regard to Missouri state elections.

140.    The Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B), is an unconstitutional prior restraint on speech because it categorically prohibits state PACs that form within 60 days of a state election from spending more than $1,500 on political communications regarding that election.

141.    The Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B), substantially burdens Plaintiffs' First Amendment rights and chill their First Amendment activities, yet does not further important or compelling state interests, and is neither

31

reasonably well tailored nor closely tailored toward promoting any such interests. The provision survives neither intermediate nor strict scrutiny.

WHEREFORE Plaintiffs are entitled to judgment on their claim under 42 U.S.C. § 1983 that the Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B), violates the First and Fourteenth Amendment of the U.S. Constitution as applied to entities that do not decide to make expenditures, attempt to influence voters, or engage in public communications to support or oppose a candidate in, a Missouri election until less than 60 days before that election.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1.      A declaratory judgment pursuant to 28 U.S.C. § 2201 that:

a.       the Continuing Committee Deadline, MO. CONST. art. VIII, § 23, cl. 7(6)(c); Mo. Rev. Stat. § 130.011(10), is facially unconstitutional under the First and Fourteenth Amendments;

b.      the Continuing Committee Deadline, MO. CONST. art. VIII, § 23, cl. 7(6)(c); Mo. Rev. Stat. § 130.011(10), is unconstitutional under the First and Fourteenth Amendments as applied to entities that do not decide to make expenditures, attempt to influence voters, or engage in public communications to support or oppose a candidate in, a Missouri election until less than 60 days before that election;

c.      the PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20) is facially unconstitutional under the First and Fourteenth Amendments;

d.      the PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20) is unconstitutional under the First and Fourteenth Amendments as applied to entities that do not decide to make

expenditures, attempt to influence voters, or engage in public communications to support or oppose a candidate in, a Missouri election until less than 60 days before that election;

      e.     the Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B) is facially unconstitutional under the First and Fourteenth Amendments;

      f.     the Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B) is unconstitutional under the First and Fourteenth Amendments as applied to entities that do not decide to make expenditures, attempt to influence voters, or engage in public communications to support or oppose a candidate in, a Missouri election until less than 60 days before that election.

2.     A temporary restraining order, preliminary injunction, and permanent injunction:

    a.     prohibiting Defendants from enforcing against anyone:

      i.     the Continuing Committee Deadline, MO. CONST. art. VIII, § 23, cl. 7(6)(c); Mo. Rev. Stat. § 130.011(10);

      ii.     the PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20); and

      iii.     the Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B); or, in the alternative,

    b.     prohibiting Defendants from enforcing against Plaintiffs or any other similarly situated groups or entities:

      i.     the Continuing Committee Deadline, MO. CONST. art. VIII, § 23, cl. 7(6)(c); Mo. Rev. Stat. § 130.011(10);

      ii.     the PAC Deadline, MO. CONST. art. VIII, § 23, cl. 7(20); and

      iii.     the Non-Domiciliary/Out-of-State Committee Registration Deadline, 1 CSR 50-5.020(4)(A)-(B).

3.      Costs and attorneys' fees pursuant to any applicable statute or authority, including but not limited to 42 U.S.C. § 1988; and

4.      Such other relief as this Court deems just and appropriate.

Dated this 22nd day of July 2020.

Respectfully submitted,

__/s/ Marc Ellinger_____
Marc Ellinger
Stephanie Bell
ELLINGER AND ASSOCIATES, LLC
308 E. High St., Suite 300
Jefferson City, MO  65101
(573) 750-4100
mellinger@ellingerlaw.com

Dan Backer*
POLITICAL.LAW
441 N. Lee St., Suite 300
Alexandria, VA  22314
(571) 882-9731
dan@political.law

*Not admitted to the bar of this Court; application for admission *pro hac vice* forthcoming