IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MAKE LIBERTY WIN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 20-cv-04128-SRB |
| ) | |
| ELIZABETH L. ZIEGLER, in her official ) | |
| capacity as Executive Director of the Missouri ) | |
| Ethics Commission, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Plaintiff Make Liberty Win ("Make Liberty Win"), Make Liberty Win-Federal Committee ("Make Liberty Win-Federal"), and Great America PAC's ("Great America") (collectively, "Plaintiffs") Motion for Award of Attorney's Fees and Costs. (Doc. #49.) For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

**I. FACTUAL BACKGROUND**

On July 22, 2020, Plaintiffs filed a six count Complaint pursuant to 42 U.S.C. § 1983. The Complaint alleged that the Missouri Constitution, art. VIII, § 23, cl. 7(6)(c), Missouri Constitution, art. VIII, § 23, cl. 7(20), Missouri Revised Statute § 130.011(10), and 1 C.S.R. § 50-5.020 violated the First and Fourteenth Amendments of the United States Constitution, because they restricted Plaintiffs' ability to participate in Missouri elections. (Doc. #1.) On August 12, 2020, the Court held an evidentiary hearing on Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction. Later that day, the Court entered a preliminary

injunction enjoining Defendants from enforcing the challenged provisions until the matter was finally determined.  (Doc. #29.)

The case was then submitted on the merits to the Court through cross-motions for summary judgment.  (Docs. #33 and #37.)  On November 4, 2020, the Court granted Plaintiffs' motion for summary judgment and denied Defendants' motion for summary judgment.  (Doc. #47.)  The Court entered final judgment for Plaintiffs on November 4, 2020.  (Doc. #48.)  The Court's judgment entered declaratory relief declaring all of the challenged provisions to be in violation of Plaintiffs' First Amendment rights.  The Court also entered a permanent injunction that prohibited Defendants from enforcing the challenged provisions and from taking specific actions in furtherance of those provisions.  Finally, the Court mandated that Defendants post notice of the Order on its website.  Plaintiffs thus succeeded on the merits of all six claims they raised in their Complaint and were granted all the relief they requested.

Plaintiffs now move for an award of their attorney's fees and costs.  Plaintiffs request $96,001.25 in attorney's fees pursuant to 42 U.S.C. § 1988(b), and $570.00 in costs, for a total award of $96,571.25.[1]  Defendants argue that the hourly rates and total number of hours requested by Plaintiffs' counsel are unreasonable and excessive.  These issues are addressed below.

## II.  APPLICABLE LAW

"In any action or proceeding to enforce a provision of section[] . . . 1983 . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs[.]"  42 U.S.C. § 1988(b).  The purpose of 42 U.S.C. § 1988 is to "promote diffuse private enforcement of civil rights law by allowing the citizenry to monitor rights violations at their

---

[1] These figures include Plaintiffs' request for $5,285.00 in attorney's fees for time spent preparing their reply brief.

2

source, while imposing the costs of rights violations on the violators." *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001) (citations and quotations omitted). "Accordingly, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The party requesting an award of fees has the burden of establishing the factual basis for the request. *Philipp v. ANR Freight Sys., Inc.*, 61 F.3d 669, 675 (8th Cir. 1995) (citation omitted). A prevailing party is also entitled to recover certain costs. Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920.

**III. DISCUSSION**

As discussed below, the Court finds and determines that Plaintiffs are prevailing parties and thus entitled to an award of attorney's fees and costs. However, the hourly rates and total amount requested by Plaintiffs will be reduced because they are unreasonable and excessive.

**1. Attorney's Fees**

**A. Prevailing Party**

A plaintiff is a prevailing party if it "succeed[s] on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit." *Hensley*, 461 U.S. at 433. Here, Plaintiffs prevailed on all counts and were awarded the full relief requested. Defendants do not dispute that Plaintiffs prevailed in this case. Consequently, the Court finds that Plaintiffs are prevailing parties under 42 U.S.C. § 1988(b).

**B. Hourly Rate**

"The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citations omitted). "A reasonable hourly rate is usually the ordinary rate for similar work in the community where the case has

3

been litigated." *Miller v. Dugan*, 764 F.3d 826, 831 (8th Cir. 2014). "When determining reasonable hourly rates, district courts may rely on their own experience and knowledge of prevailing market rates." *Id*. (citation and quotation marks omitted).

To determine the lodestar amount, the Court should consider various factors, including: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) preclusion of other employment due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the circumstances; 8) the amount involved and the results obtained; 9) the expertise, reputation and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3.

Here, the hourly rates charged by Plaintiffs' attorneys are as follows: (1) Marc Ellinger: $500 per hour; (2) Stephanie Bell: $350 per hour; (3) Thomas W. Rynard: $350 per hour; and (4) Dan Backer: $495 per hour for work performed during the work week, and $670 per hour on weekends. Plaintiffs have submitted affidavits in support of these rates. Plaintiffs argue in part that their rates are reasonable for the Jefferson City and Cole County areas for attorneys with similar experience and expertise. Plaintiffs also emphasize that they obtained a favorable judgment under a relatively compressed litigation schedule.

In response, Defendants argue that the requested rates are not reasonable. Defendants rely on a 2019 survey by the Missouri Bar Association and suggest that the prevailing market rate in Cole County, Missouri is "likely somewhere around $250.00 per hour." (Doc. #53, p. 12.) Defendants also argue in part that the requested hourly rates are not reasonable because this case was decided primarily on the parties' briefs and did not involve complicated facts or legal issues.

4

Upon review of the record, the Court finds that the hourly rates requested by Plaintiffs' counsel are not reasonable. First, the Court finds that the rates are too high based on the Missouri Bar Association survey. As explained by Defendants, the survey shows that:

> 80.7% of attorneys in the 'small-city counties' legal market, which includes Cole County, bill $300.00 per hour or less for trial-related work. The median rate is likely somewhere slightly north of $250.00 per hour given the distributions reported on the survey; 36.8% of attorneys charge between $201.00 and $250.00 per hour, with 22.8% of attorneys charging less than that band and 40.5% of attorneys charging more than that band . . . the prevailing market rate in the relevant legal market . . . is somewhere around $250.00 per hour[.]

(Doc. #53, pp. 11-12.) Plaintiffs' reply brief argues that the survey is not reliable for several reasons, including that it does not distinguish between the types of litigation involved. However, the Court finds the survey is persuasive and helpful in assessing a reasonable hourly rate in this case.

Second, Plaintiffs' counsel argues that their hourly rates are reasonable based in part on their experience and expertise in the specialized area of campaign and finance law. The Court finds that such expertise was not required in this case. As discussed below, this case did not involve unique factual or legal issues. The facts and legal issues were substantially similar to those in *Missourians for Fiscal Accountability v. Klahr*, 892 F.3d 944 (8th Cir. 2018). An attorney with less experience and expertise in campaign and finance law—along with a lower hourly rate—could have successfully litigated this case. The hourly rates normally charged by Plaintiffs' counsel are not reasonable under these circumstances.

Upon review of the entire record, the Missouri Bar Association survey, the Court's knowledge of the prevailing rates, and the parties' arguments, the Court finds that a $325.00 hourly rate is warranted for Mr. Ellinger, Ms. Bell, Mr. Rynard, and Mr. Backer. The Court denies Mr. Backer's $175.00 per hour "surcharge" for time billed on weekends. A weekend

5

surcharge is not customary for the relevant legal market, and even if it was, is not warranted in this case.

### C. Number of Hours

The Court has reviewed the time entries submitted by Plaintiffs' attorneys. Plaintiffs prepared the Complaint, filed a motion for temporary restraining order and/or preliminary injunction, and presented that motion to the Court at an evidentiary hearing. Following this Court's preliminary injunction order, Plaintiffs prepared a motion for summary judgment, as well as responded to the motion for summary judgment filed by Defendants. Finally, after judgment was entered in their favor, Plaintiffs prepared the instant motion for attorney fees.

Plaintiffs' attorneys state that they expended the following number of hours in this case, including the filing of the pending motion and reply brief: (1) Marc Ellinger: 60.4 hours; (2) Stephanie Bell: 29.9 hours; (3) Dan Backer: 80.75 hours; and (4) Thomas Rynard: 39.4 hours. Based on these figures, the total number of hours requested is 210.45. The revised hourly rate of $325 multiplied by 210.45 hours would equal an award of $68,396.25. However, Defendants argue that many of the time entries are duplicative, excessive, and should not be awarded. As explained below, the Court agrees with Defendants.

A district court may reduce a fee request if it finds excessive and redundant billing. *See Comas v. Schaefer*, No. 10–4085–CV–C–MJW, 2012 WL 5354589, at * 5 (W.D. Mo. Oct. 29, 2012) ("[T]he Court finds that plaintiffs' adjusted initial (principal) fee claim should be reduced by an additional 15 percent because of the excessiveness and redundancy of the billings."); *Missourians for Fiscal Accountability v. Klahr*, Case No. 14-4287-CV-ODS, p. 6 (W.D. Mo. Apr. 10, 2017) ("Due to the excessive and duplicitous billing, the Court reduces the total fees requested by fifteen percent.").

In this case, and even accounting for the reduced hourly rate, the Court finds that a further reduction is warranted. This reduction is based on the nature of this litigation, and for excessive and redundant time entries. Excluding the pending motion and reply brief, Plaintiffs' counsel billed a total of 168.25 hours. However, the facts and legal issues were not novel or complex. Plaintiffs alleged—and the Court found—that the formation deadlines in this case were "materially indistinguishable" from those struck down in *Missourians for Fiscal Accountability v. Klahr*, 892 F.3d 944 (8th Cir. 2018). (Doc. #1, p. 2.) Plaintiffs' reply brief argues that despite the applicability of *Klahr*, this case "still required factual development, legal research, pleading development, briefing, case presentation and argument commensurate in a compressed time frame with the importance of the issues." (Doc. #57, p. 15.) That may be so, but the overall amount of time spent by Plaintiffs' counsel was excessive in light of the legal and analytical framework established by *Klahr*.

This case was also primarily decided on the briefs and did not require discovery or a trial. As summarized by Defendants, "[t]his case was pending for approximately four months, involved no discovery, required a single one-hour hearing before the Court, and largely involved briefing on legal issues recently addressed by the Eighth Circuit in *Klahr*." (Doc. #53, p. 14.)[2] Under these circumstances, the Court finds that a request for 168.25 hours is excessive.

The Court also finds that Plaintiffs' counsel spent an excessive amount of time preparing the pending motion. Mr. Rynard recorded 24.30 hours of time to perform that task. However, the motion was not complicated. The motion itself is 9 pages long, the suggestions in support

---

[2] Defendants' opposition brief sets forth additional and specific examples of duplicative, excessive, and redundant billing, which the Court finds persuasive. One straightforward example concerns the preliminary injunction hearing held on August 12, 2020. Mr. Ellinger and Ms. Bell attended the hearing, and both billed time for their attendance. However, only Mr. Ellinger spoke and presented arguments. The Court finds that Ms. Bell's time at the hearing should not be compensated.

(which includes similar contents) is 9 pages long, and the attorney invoices are not voluminous. Further, the law on the recovery of attorney's fees is not complex.  As a result, 24.30 hours is an excessive amount of time and should be reduced.

For these reasons, the Court finds that the adjusted amount of $68,396.25 should be further reduced by fifteen percent ($10,259.44).  *Comas*, 2012 WL 5354589, at * 5; *Klahr*, Case No. 14-4287-CV-ODS, at p. 6.  Therefore, the Court awards Plaintiffs a total attorney's fee award of $58,136.81.

### 2. Costs

In addition to attorney's fees, costs may be taxed against the losing party under Federal Rule of Civil Procedure 54(d).  Such costs are generally limited to the items enumerated under 28 U.S.C. § 1920.  Here, Plaintiffs seek costs in the total amount of $570.00.  That total is broken down as follows:  $400.00 for the filing fee, $100.00 for the pro hac vice admission fee of Dan Backer, and $70.00 for copies of documents obtained from PACER.  Defendants only oppose the $70.00 PACER costs.

Upon review, the Court finds that Plaintiffs are not entitled to PACER costs.  "PACER fees are not provided for under the categories set forth in 28 U.S.C. § 1920."  *Davis v. Lancatser*, No. 13-CV-1638, 2019 WL 265098, at * 5 (E.D. Mo. Jan. 18, 2019).  Moreover, as Defendants correctly argue, "PACER provides one free download, and if it is properly and efficiently managed there is no reason to incur additional charges."  (Doc. #53, p. 23.)  Therefore, the Court awards Plaintiffs $500.00 in costs.

## III.  CONCLUSION

Accordingly, it is hereby ordered, adjudged and decreed that Plaintiffs' Motion for Award of Attorney's Fees and Costs (Doc. #49) is GRANTED IN PART and DENIED IN

PART. Plaintiffs are hereby awarded $58,136.81 in attorney's fees, and $500.00 in costs, for a total amount of $58,636.81, plus post-judgment interest on that amount from the date of this Order until paid. Plaintiffs' separately filed proposed Bill of Costs (Doc. #51) is DENIED AS MOOT because the costs requested therein have been resolved by this Order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough<br>
STEPHEN R. BOUGH<br>
UNITED STATES DISTRICT JUDGE

Dated: December 18, 2020